```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 14-61706-Civ-MORENO
                              MAGISTRATE JUDGE P.A. WHITE
```

MAXIMO RAMOS ARANGO,              :

    Plaintiff,                    :

v.                                :     REPORT RE DISMISSAL
                                                OF COMPLAINT
                                  :     28 U.S.C. §1915(g)
                                                  and
MR. SERGEANT BUTLER, et al.,      :     DENIAL OF IMPLIED IFP MOTION

    Defendant.                    :
_____

## I. Introduction and Background

Plaintiff, an inmate incarcerated as a pretrial detainee at the Broward County Main Jail, in Fort Lauderdale, Florida has filed the instant pro se action pursuant to 42 U.S.C. §1983. (DE# 1)  The Complaint was submitted to this Court without the $350.00 filing fee or by application to proceed in this matter *in forma pauperis*. See, *generally*, Docket. In this circumstance, the Court will construe plaintiff's submission as an implicit request for permission to proceed in accordance with Title 28, United States Code, section 1915(b). For the reasons set forth below, Arango's complaint should be dismissed under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA").

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The Eleventh Circuit has upheld the constitutionality of §1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27. In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

## II. Discussion

### A. Prior Filing History

Arango is a well-known pro se litigant. The undersigned's search using the Court's PACER (Public Access to Court Electronic Records) system has revealed that, as of this date, Arango has

2

filed at least twenty-eight pro se §1983 complaints in this Court. Arango oftentimes has filed multiples actions on the same date. The search has further revealed that at least three of the civil rights complaints have been dismissed and the dismissals qualify as strikes pursuant to §1915(g). For example, on October 17, 2013, this Court dismissed Arango v. Armor Correction Health Services, Inc. et al., No. 13-Civ-Scola, as duplicative of a previous case filed by Plaintiff. This dismissal is synonymous with dismissing a case for being malicious and counts as Plaintiff's first strike. See, e.g., Washington v. Gibbons, 2010 WL 2329918, at *1 & n.2 (S.D.Ga. May 18, 2010)(finding dismissal as duplicative to be same as dismissal for maliciousness)(*citing* Pittman v. Moore, 980 F.2d 994, 995 (5th Cir.1993)(explaining that "[i]t is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."). On March 6, 2014, this Court dismissed Arango v. City of Miami, et al., pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim. This was Plaintiff's second strike. On May 27, 2014, in Arango v. Armor Correctional Health Services, Inc. et al., Case No. 13-62033-Civ-Scola, Plaintiff's case was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with this Court's orders. This was Plaintiff's third strike. Dismissals for failure to comply with court orders fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under §1915(g). See Rivera, 144 F.3d at 731; see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir.)(characterizing failure to comply with court orders as "abuse of the judicial process"), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); Allen v. Clark, 266 Fed.Appx. 815, 817 (11th Cir. 2008)(counting a dismissal for failure to prosecute as a strike for purposes of 28 U.S.C. §1915(g)); Crummie v. Veloz, 2010 WL 5059560 at *2-3 (S.D.Fla. Nov.

10, 2010)(summarizing the types of dismissals that are considered "strikes" in the Eleventh Circuit).

It is noted that besides the above-listed cases, several other of Arango's cases have been dismissed and the dismissals also qualify as strikes. <u>See e.g.</u>, <u>Arango v. Principal Bell, et al.</u>, No. 14-21572-Civ-Ungaro (S.D.Fla. May 6, 2014)(dismissing §1983 complaint for failure to state a claim);[1] <u>Arango v. Florida Legislature Branch, et al.</u>, No. 14-60995-Civ-Dimitrouleas (S.D.Fla. June 10, 2014)(dismissing §1983 complaint with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim); <u>Arango v. Rucker, et al.</u>, No. 14-21368-Moreno (S.D.Fla. June 11, 2014)(dismissing §1983 complaint with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim); <u>Arango v. Publix, et al.</u>, No. 14-61030-Civ-Zloch (S.D.Fla. June 23, 2014)(dismissed as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and frivolous).[2]

### B. <u>"Imminent Danger" Exception</u>

Thus, Arango has filed at least three cases which fit the criteria of the statute. He is, therefore, barred from proceeding *in forma pauperis* in this Court unless he can show that he was under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. §1915(g). Full and careful review of the allegations in the instant complaint does not suggest that Arango was under imminent danger of serious physical injury. Arango alleges that on July 16, 2014, while he was being escorted from his room to a holding cell to meet

---

[1] It is apparent from full review of the record in Case No. 14-21572-Civ-Ungaro that the complaint was dismissed for failure to state a constitutional claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

[2] The courts have held that a district court's reliance on additional grounds for dismissal beyond *Heck* does not prevent a dismissal under *Heck* from counting as a strike. <u>See e.g.</u>, <u>Smith v. Veterans Admin.</u>, 636 F.3d 1306, 1312 (10th Cir. 2011).

his attorney for a meeting regarding an upcoming court appearance, he encountered a fellow detainee by the name of "Omar." According to Arango, "Omar" is a member of a gang and one of his "enemies" who had several weeks ago threatened to kill him. Arango alleges that he advised the unnamed transportation officer that he could not be placed in the same holding cell with Omar. Arango states that when the officer indicated that he and Omar were to be in the same holding cell, he requested to be returned to his cell, causing him to miss the meeting with his lawyer. Arango states that he filed a grievance regarding the incident and the grievance was investigated by Sergeant Butler, who took no action and accused him of lying about the incident. Arango states that he believes that Defendant Sergeant Butler is involved with the gang which "Omar" is a member.

Arango has made no factual allegations whatever in his complaint to support a finding that he was in imminent danger of serious injury at the time of the filing of the instant action. His allegations involve an incident that allegedly took place shortly before the Complaint was filed. Furthermore, the allegations show that jail officials honored Arango's request not to be placed in the same holding cell with a fellow detainee who Arango alleges threatened him with harm. In fact, he admits in his complaint that "[he] is not scare[d] but [he] ain't looking [for] unnecessary battle."

Arango's allegations are wholly speculative. For purposes of the imminent danger analysis, it is insufficient for a plaintiff to allege that something could happen in the future. See e.g., Skillern v. Paul, 202 Fed. Appx. 343, 344 (11th Cir. 2006)(prisoner alleging that a denial of medication may result in future harm was too vague to satisfy the §1915(g) exception); Skillern v. Mental

5

Health Personal, 2011 WL 1628022, *2 (S.D.Ga. 2011)(finding that plaintiff did not sufficiently allege imminent danger when he stated that he was afraid of being hurt in the future). Furthermore, Plaintiff provides no information to suggest his fears of a future attack by "Omar" is based on anything more than paranoia and speculation. His conjecture and surmise are not bases for an imminent danger finding. See Childs v. Miller, 713 F.3d 1262, 1267 (10th Cir. 2013)(specific and credible allegations of imminent danger of serious physical injury are required); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)(the threat or prison condition must be real and proximate).

Review of Arango's complaint further indicates that Arango is now confined on a maximum security floor which means that he is in lockdown for twenty-three hours of the day, only one inmate at a time housed on that floor is permitted to leave their room, and the detainees are physically restrained during the time they are out of their room. Jail officials have, therefore, apparently eliminated any threat of physical harm to Arango's safety from other detainees, such as "Omar."

## C. Conclusion

Since Arango has not paid the filing fee and has made no factual allegations to support a finding that he was in imminent danger of serious injury at the time of filing, dismissal of the instant civil rights action is appropriate. As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it is recommended that the dismissal be without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. §1915A, even those lawsuits in which the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Prelimnary review of the instant complaint by the undersigned appears to indicate that Arango's complaint, as filed, would not survive initial screening in that it suffers from various pleading deficiencies and also does not state a claim of constitutional magnitude as required by 42 U.S.C. §1983.

### III. Recommendations

Based upon the foregoing, it is recommended that Plaintiff's implied application to proceed *in forma pauperis* be denied and the complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(g). See Dupree, 284 F.3d at 1237 (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis). It is further recommended that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 21st day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:    Maximo Ramos Arango, Pro Se
       Inmate# 501402066
       Broward County Jail-MJ
       Main Jail
       Post Office Box 9356
       Ft. Lauderdale, FL 33310
```